■ TIMOTHY R. SEKUTERSKI et al., Respondents, v FRED C. EVERT, Individually and as Code Enforcement Officer of Village of Lancaster, et al., Appellants. [706 NYS2d 280] —Judgment unanimously vacated without costs. Memorandum: The verified answer admitted all the allegations of the verified complaint except those relating to damages. The case was reached for trial, and during a conference telephone call with Supreme Court the parties' attorneys stipulated both to the truth of allegations 1 through 14 of the complaint and the amount of damages. Defendants' attorney then moved for judgment dismissing the complaint based on sovereign immunity and the court reserved decision. In a subsequent letter to the court plaintiffs' attorney asserted that the stipulation included certain events on May 20, 1991 that were not mentioned in the

complaint, and that those events created a special relationship between plaintiffs and defendant Village of Lancaster that negated sovereign immunity. Defendants objected, stating that events of May 20th were outside the scope of the stipulation. The court in its decision acknowledged that the stipulation did not comply with CPLR 2104 but nevertheless relied on the version of the stipulation urged by plaintiffs. The court decided the matter in favor of plaintiffs, finding determinative the events that plaintiffs allege occurred on May 20th. The court later settled the record to include the post-stipulation letters.

We agree with defendants that the stipulation was invalid under CPLR 2104. Without an enforceable stipulation or proof of facts based on admissible evidence, appellate review is impossible. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Damages.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ. ·